IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ALABAMA AIRCRAFT INDUSTRIES, INC., *et al.*, | Case No. 11-10452 (PJW) |
| | Jointly Administered |
| Debtors. | |

## NOTICE OF APPEAL

The Boeing Company ("Boeing") hereby appeals under 28 U.S.C. § 158(a) or (b) from the <u>Order Granting Debtors' Motion Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rules 2002-1 and 6004-1, Requesting Entry of an Order Approving the Sale of Substantially All of the Debtors' Operating Assets, Including the Assumption and Assignment of Contracts, Free and Clear of All Liens, Claims, and Interests to Kaiser Aircraft Industries, Inc. and Authorizing the Debtors to Establish a Litigation Trust and Vest Certain Claims Therein</u> including its exhibits (the "Order") entered by the Honorable Peter J. Walsh in these bankruptcy cases on the 6th day of September, 2011 (D.I. 486). A copy of the Order without its exhibits is attached as Exhibit "A."[1]

The names of all parties to the Order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

---

[1]    As noted above, Boeing appeals the Order including its exhibits. The exhibits are not attached, however, because they are voluminous.

**Alabama Aircraft Industries, Inc., et al.**

Alston & Bird LLP
Grant T. Stein
Dennis J. Connolly
William S. Sugden
Sage M. Sigler
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Telephone: (404) 881-7000

Young Conaway Stargatt & Taylor, LLP
Joel A. Waite
Kenneth J. Enos
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19801-0391
Telephone: (302) 571-6600

**Kaiser Aircraft Industries, Inc.**

Klee, Tuchin, Bogdanoff & Stern LLP
Thomas E. Patterson
Martin R. Barash
1999 Ave. of the Stars, 39th Floor
Los Angeles, California  90067
Telephone: (310) 407-4000

Pachulski, Stang, Ziehl & Jones LLP
Bruce Grohsgal
919 North Market Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 778-6403

**Roberta A. DeAngelis, United States Trustee**

United States Department of Justice
Office of the United States Trustee
Richard L. Schepacarter
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Room 2207
Wilmington, Delaware  19801
Telephone: (302) 573-6491

**Official Committee of Unsecured Creditors**

Brinkman Portillo Ronk, PC
Daren R. Brinkman
Laura J. Portillo
Kevin C. Ronk
4333 Park Terrace Drive, Suite 205
Westlake Village, California  91361
Telephone: (818) 597-2992

Womble Carlyle Sandridge & Rice, PLLC
Steven K. Kortanek
Thomas M. Horan
222 Delaware Avenue, Suite 1501
Wilmington, Delaware  19801
Telephone: (302) 252-4320

3711804.1

## Birmingham Airport Authority

Burr & Forman LLP
Derek F. Meek
Michael K. Choy
Marc P. Solomon
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000

Morris, Nichols, Arsht & Tunnell LLP
Eric D. Schwartz
Matthew B. Harvey
1201 North Market Street
Wilmington, Delaware  19899
Telephone:  (302) 658-9200

## Pension Benefit Guaranty Corporation

Pension Benefit Guaranty Corporation
Office of the Chief Counsel
Israel Goldowitz
Karen L. Morris
James L. Eggeman
Erika E. Barnes
Mark R. Snyder
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3460

## The Boeing Company

Bryan Cave LLP
Robert M.D. Mercer
Leah C. Fiorenza
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, Georgia  30309-3488
Telephone:  (404) 572-6600

Loizides, P.A.
Christopher D. Loizides
1225 King Street, Suite 800
Wilmington, Delaware  19801
Telephone:  (302) 654-0248

## Oracle America, Inc.

Magnozzi & Kye, LLP
Amish R. Doshi
1 Expressway Plaza
Suite 114
Roslyn Heights, New York  11577
Telephone: (516) 629-5460

Shawn M. Christianson, Esq.
Buchalter Nemer, A Professional Corporation
333 Market Street
25th Floor
San Francisco, California 94105-2126
Telephone: (415) 227-0900

3711804.1

**Lockheed Martin Integrated Systems, Inc.**

Saul Ewing LLP
Mark Minuti
222 Delaware Avenue
Suite 1200
P.O. Box 1266
Wilmington, Delaware  19899
Telephone: (302) 421-6800

**Lockheed Martin Global Training and Logistics**

Steven J. Soloman
Gray Robinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida  33131
Telephone: (305) 416-6880

**L-3 Communications Integrated Systems, L.P.**

Greenberg Traurig, LLP
Dennis A. Meloro
Scott D. Cousins
1007 North Orange Street
Suite 1200
Wilmington, Delaware  19801
Telephone: (302) 661-7000

**Special Value Bond Fund, LLC**

Richards, Layton & Finger, P.A.
Russell C. Silberglied
John H. Knight
L. Katherine Good
920 North King Street
Wilmington, Delaware  19801
Telephone: (302) 651-7700

4

3711804.1

**International Union, United Automobile, Aerospace and Agricultural Implement Workers of America**

Cooch and Taylor PA
Susan Kaufman
The Brandywine Building
1000 West Street
10th Floor
Wilmington, Delaware  19801
Telephone: (302) 984-3820

Cohen, Weiss and Simon, LLP
Bruce S. Levine
330 West 42nd Street
25th Floor
New York, New York  10036
Telephone: (212) 356-0230

Niraj R. Ganatra
International Union UAW
8000 E. Jefferson Avenue
Detroit, Michigan  48214
Telephone: (313) 926-5216

**Blue Cross and Blue Shield of Alabama**

Monzack Mersky McLaughlin and Browder, P.A.
Michael Hochman
Rachel B. Mersky
1201 N. Orange Street
Suite 400
Wilmington, Delaware  19801
Telephone: (302) 656-8162

Burr & Forman, LLP
Joe A. Joseph
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000

**United States Department of Justice**

Victor Zhao
Civil Division
U.S. Department of Justice
via regular mail
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875

via overnight delivery
1100 L Street, N.W.
Room 10044
Washington, D.C. 20005
Telephone: (202) 307-0958

5

**Joseph Ryan as the Trustee of the Litigation Trust**

Haskell Slaughter Young & Rediker, LLC
J. Michael Rediker
Roger A. Brown
Patricia C. Diak
R. Scott Williams
Peter J. Tepley
Vincent J. Graffeo
2001 Park Place, Suite 1400
Birmingham, Alabama  35303
Telephone:  (205) 251-1000

DATED: September 19, 2011

_/s/ Christopher D. Loizides_
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:     (302) 654-0248
Facsimile:     (302) 654-0728
Email:          loizides@loizides.com

Robert M.D. Mercer
Leah C. Fiorenza
BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Telephone:     (404) 572-6600
Facsimile:     (404) 572-6999
Email: robert.mercer@bryancave.com
Email: leah.fiorenza@bryancave.com

3711804.1

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ALABAMA AIRCRAFT INDUSTRIES, INC., *et al.,*[1] | Case No. 11-10452 (PJW) |
| Debtors. | Jointly Administered |
| | RE: Docket No. *456, 485* |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 363, AND 365 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 6004, 6006, AND 9014, AND LOCAL RULES 2002-1 AND 6004-1, REQUESTING ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' OPERATING ASSETS, INCLUDING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS TO KAISER AIRCRAFT INDUSTRIES, INC. AND AUTHORIZING THE DEBTORS TO ESTABLISH A LITIGATION TRUST AND VEST CERTAIN CLAIMS THEREIN**

Upon consideration of the motion dated August 19, 2011 (the "**Sale Motion**") of the above captioned debtors and debtors-in-possession (the "**Debtors**"), pursuant to Sections 105(a), 363, and 365 of Title 11, United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "**Local Rules**") requesting entry of an order (the "**Sale Approval Order**"): (i) authorizing and approving the sale (the "**Sale**") of certain assets (the "**Purchased Assets**") to Kaiser Aircraft Industries, Inc. (the "**Purchaser**") pursuant to the terms of the asset purchase agreement (the "**APA**") between the Debtors and the Purchaser, attached hereto as <u>Exhibit A</u>; (ii) authorizing and approving the Sale by the Debtors of the Purchased Assets, free and clear of all liens, claims

---

[1]  The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) Alabama Aircraft Industries, Inc. (5295); (ii) Alabama Aircraft Industries, Inc.-Birmingham (6533); and (iii) Pemco Aircraft Engineering Services, Inc. (9969).  The mailing address for all of the Debtors is 1943 50th Street North, Birmingham, AL 35212.

encumbrances and interests (other than certain enumerated liabilities that are to be assumed by the Purchaser, as set forth in the APA (the "**Assumed Liabilities**")); (iii) authorizing the assumption and assignment to the Purchaser of certain executory contracts and unexpired leases (collectively, the "**Assumed Executory Contracts and Unexpired Leases**") as identified in the APA; (iv) authorizing the Debtors to establish a litigation trust (the "**Litigation Trust**") pursuant to the terms of the litigation trust agreement attached hereto as Exhibit B (the "**Litigation Trust Agreement**") and (v) granting other related relief; and the Court having conducted a hearing on the Sale Motion on September 1, 2011 (the "**Sale Hearing**"), at which time all interested parties were offered an opportunity to appear and be heard with respect to the Sale Motion; and the Court having reviewed and considered (i) the Sale Motion and the exhibits thereto and (ii) the APA and other ancillary documents filed in connection with the Sale, and the Court having considered all objections to the Sale, the arguments of counsel made, and the evidence proffered or adduced at the Sale Hearing; and due and proper notice of the Sale Motion having been provided to: (i) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), (ii) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), (iii) the Pension Benefit Guaranty Corporation (the "**PBGC**"), (iv) counsel to the Special Value Bond Fund (the "**SVBF**"); and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b); and due and proper notice of the Sale and the assumption and assignment of the Assumed Executory Contracts and Unexpired Leases otherwise having been provided to any other parties required to be noticed; and it appearing that no other or further notice need be provided; all parties in interest having been heard, or having had the opportunity to be heard regarding the Sale and all transactions contemplated thereunder; and the Court having reviewed and considered the Sale Motion and any objections thereto, and the arguments

of counsel and evidence adduced related thereto; and upon the record of the hearings for consideration of the Sale and the full record of these cases; and the Court having determined that the relief sought in the Sale Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and the legal and factual bases set forth in the Sale Motion, and the record establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FURTHER FOUND AND DETERMINED, AS FOLLOWS:**

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    The Court has jurisdiction over the Sale Motion under 28 U.S.C. §§ 157 and 1134, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    This Sale Approval Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Sale Approval Order, and expressly directs entry of judgment as set forth below in Paragraph 27.

D.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

E.    Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Sale Motion or the APA.

3

F.      Notice of the Sale Motion and of the Sale Hearing was due and sufficient and given in accordance with applicable law, as evidenced by the affidavits of service set forth at Docket Nos. 458 and 459.

G.      The Notice of Assumption and Assignment, which sets forth the Debtors' proposed Cure Costs and was served upon all non-debtor counterparties to Assumed Executory Contracts and Unexpired Leases as evidenced by the affidavits of service set forth at Docket Nos. 459 and 467, provides due, adequate, and timely notice of the proposed assumption and assignment of Assumed Executory Contracts and Unexpired Leases proposed to be assumed by the Debtors and assigned to the Purchaser, in accordance with Bankruptcy Rule 2002 and the applicable provisions of the Bankruptcy Code and any otherwise applicable requirement for notice is hereby waived and dispensed with. The forgoing notice was fair and reasonable and no further notice is required. At Closing, in the accordance with the terms of the APA, Purchaser shall pay the Cure Costs as set forth in Exhibit C hereto.

H.      Adequate assurance exists that the Purchaser will fully perform all future obligations under the Assumed Executory Contracts and Unexpired Leases, including, without limitation, the adequate protection provided to the Birmingham Airport Authority ("BAA") on account of the lease between BAA and the Debtors (the "**Facility Lease**") as set forth in Paragraph 18 of this Order. Assumption and assignment of the Assumed Executory Contracts and Unexpired Leases is an appropriate exercise of the Debtors' business judgment. The Debtors believe that the Assumed Executory Contracts and Unexpired Leases identified in the APA are each valid and enforceable. Any objection by a non-debtor counterparty to the assumption and assignment of the Assumed Executory Contracts and Unexpired Leases on the grounds that the Purchaser has not provided adequate assurance of future performance is

4

overruled in its entirety. Notwithstanding any other provision of this Order, the APA or any document implementing the sale (collectively, the "**Documents**"), no Executory Contract, unexpired Lease, license, authorization, guaranty, memorandum of understanding, agreement or other interest in which the United States, its agencies, departments or agents (the "**United States**") is a party thereto (the "**Government Contracts**") may be assumed and/or assigned without: (1) the express written consent of the United States; (2) the execution of a novation agreement applicable to that Government Contract; and (3) the payment of all outstanding post-Petition Date obligations and cure amounts arising under or related to such Government Contract. Nothing in the Documents shall be interpreted to set cure amounts or to require the United States to novate or otherwise consent to the transfer of any Government Contracts. The Unites States' rights to offset or recoup any amounts due under, or relating to, any Government Contracts are expressly preserved.

I.     The Debtors submitted evidence establishing that the Cure Costs they propose to pay in connection with the assumption and assignment of the Assumed Executory Contracts and Unexpired Leases is adequate, appropriate, and sufficient to cure any and all defaults arising under the Assumed Executory Contracts and Unexpired Leases. Non-debtor parties to Assumed Executory Contracts and Unexpired Leases have (a) not objected to the Cure Costs that are proposed to be paid pursuant to the terms of the APA, (b) consensually resolved the amount of the Cure Cost applicable thereto, or (c) asserted objections that are otherwise overruled in their entirety.

J.     The highest and best offer for the Purchased Assets was submitted by the Purchaser pursuant to the terms of the APA.

5

K.     The establishment of the Litigation Trust pursuant to the terms of the APA and the Litigation Trust Agreement is a fair and appropriate use of the Debtors' property.

L.     The APA and all ancillary documents thereto, including, without limitation, the Litigation Trust Agreement, were negotiated and proposed, and have been entered into by the parties in good faith within the meaning of Section 363(m) of the Bankruptcy Code, at arm's length bargaining positions, and without collusion; the Purchaser is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and entitled to the protections thereof and is not an insider of the Debtors, as that term is defined in Section 101 of the Bankruptcy Code; the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and the relief granted herein is in the best interests of Debtors and their estates.

M.     The Purchased Assets are property of the Debtors and title thereto is vested in the Debtors. The Purchased Assets do not include any government-furnished property as defined in 48 C.F.R. Part 52.245-1. Nothing in the Documents shall be interpreted to authorize any transfer or sale of government-furnished property without the express written consent of the United States. The Purchased Assets also do not include any property owned or furnished by The Boeing Company ("**Boeing**") or in which Boeing has title and nothing in the Documents shall be interpreted to authorize any transfer or sale of property owned by Boeing without the express written consent of Boeing.

N.     The transfer of the Purchased Assets, in each case, satisfies one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code. Those holders of Liens and Claims in any Purchased Assets which did not object, or which withdrew their objections, to the

Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

O. Except as otherwise expressly provided in the APA or this Order, no further consents or approvals are required for the Debtors to consummate the Sale of the Purchased Assets and the other transactions and acts contemplated by the APA and all ancillary documents, including, without limitation the Litigation Trust Agreement, other than the consent and approval of this Court, and the consummation of the transactions contemplated by the Sale Motion will not result in the forfeiture of any of the Purchased Assets. Neither the execution of the APA nor the consummation of the Sale of the Purchased Assets in accordance with the terms of the APA will constitute a violation of any provision of the organizational documents of the Debtors or any other instrument, law, regulation, or ordinance by which any of the Debtors is bound.

P. The consideration to be paid by the Purchaser to the Debtors for the Purchased Assets pursuant to the APA (i) is fair and reasonable; (ii) is the highest and/or otherwise best offer for the Purchased Assets; (iii) is not subject to avoidance pursuant to Section 363(n); and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act and any and all similar laws of any state or jurisdiction whose law is applicable to the Sale and transaction contemplated thereby.

Q. All objections thereto having been resolved, other than as set forth below.

R. At the Sale Hearing, the Debtors and the Purchaser requested that certain language set forth below in Paragraphs 13, 14 and 15 of this Sale Order be included to modify certain terms of the APA (the "**APA Modifications**"). The Court finds that the requested APA

Modifications do not materially alter the terms of the APA, are fair, reasonable, and appropriate, and properly clarify and effectuate the contractual intent of the Debtors and the Purchaser in the APA.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.     The Sale Motion is granted to the extent provided herein.  All objections to the Sale Motion, including the proposed assumption and assignment of Assumed Executory Contracts and Unexpired Leases and the payment of Cure Costs in connection therewith, that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits and denied.

2.     The Debtors are hereby authorized and empowered to enter into the APA and perform all acts contemplated by the APA, including without limitation establishment of the Litigation Trust and vesting of the Trust Causes of Action in the Litigation Trust, and the APA is hereby approved in its entirety and incorporated herein by reference, and it is further ordered that all amounts payable under the APA shall be payable without the need for any application therefor or a further order of the Court.

3.     Pursuant to Section 363(f) of the Bankruptcy Code, all of the Purchased Assets shall be sold free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens, judgments, encumbrances or claims of any kind or nature (including, without limitation, any and all "claims" as defined in Section 101(5) of the Bankruptcy Code), whether arising by agreement, any statute or otherwise and whether arising before, on or after the date on which this Chapter 11 case was commenced (collectively, the "**Liens**"), with such Liens to attach to the proceeds and consideration (whether in the form of

8

cash or otherwise) payable to or at any time received by the Debtors under the APA with the same validity, force, priority and effect as the same had with respect to the assets at issue, subject to any and all defenses, claims and/or counterclaims or setoffs that may exist. The Purchased Assets do not include any government-furnished property as defined in 48 C.F.R. Part 52.245-1. Furthermore, the Purchased Assets do not include any property owned or furnished by Boeing or in which Boeing has title. Nothing in the Documents shall be interpreted to authorize any transfer or sale of government-furnished property without the express written consent of the United States. Nothing in the Documents shall be interpreted to authorize the transfer or sale of property owned or furnish by Boeing or in which Boeing has title without the express written consent of Boeing.

4. Subject to Paragraph 5 of this Order, the vesting of the Trust Causes of Action in the Litigation Trust shall be free and clear of all Liens, with such Liens to attach to the beneficial interests granted the Debtors' estates (but not the beneficial interests granted to the Purchaser) with the same validity, force, priority and effect as the same had with respect to the Trust Causes of Action, and subject to any and all defenses, claims and/or counterclaims or setoffs that the Debtors or their estates may have with respect to such Liens. Further, the vesting of the Trust Causes of Action in the Litigation Trust shall not violate any restriction under applicable law regarding the assignability or transferability of the Trust Causes of Action, or result in any impairment or limitation of any kind in the full prosecution and recovery of the Trust Causes of Action that may otherwise result under applicable non-bankruptcy law from the assignment or transfer of the Trust Causes of Action. Except as otherwise provided in this paragraph 4, the vesting of the Trust Causes of Action in the Litigation Trust shall be subject to all applicable defenses to such Trust Causes of Action.

9

5.    Notwithstanding anything to the contrary in this Order, the APA, or the Litigation Trust Agreement: (i) any setoff rights of the Boeing Company and its affiliates (collectively, "**Boeing Parties**" and each a "**Boeing Party**") against a Trust Cause of Action (the "**Offset Rights**") are preserved and shall survive the vesting of such Trust Cause of Action in the Litigation Trust, provided that any such Offset Rights shall remain subject to Bankruptcy Code section 553 to the extent applicable, and to any applicable defenses to such Offset Rights; (ii) the vesting in the Litigation Trust of Trust Causes of Action against the Boeing Parties (and against any current or former officers, directors, employees, agents or attorneys of the Boeing Parties, in such capacity) shall be subject to any applicable defenses thereto (including, without limitation, recoupment); (iii) any Boeing Party against which a Trust Cause of Action is filed is hereby granted relief from the automatic stay under Bankruptcy Code section 362 for the limited purpose of asserting and adjudicating its Offset Rights against such Trust Cause of Action in the action in which the Trust Cause of Action is filed; (iv) as between the holders of beneficial interests in the Litigation Trust, the impact of any such Offset Rights shall be allocated as provided in Section 5.2(e) of the Litigation Trust Agreement; and (v) subsection (iv) of this paragraph shall not have any effect on the Boeing Parties.

6.    The Debtors are authorized at Closing to assume the Assumed Executory Contracts and Unexpired Leases and assign the same to the Purchaser.  Upon assumption and assignment, the Purchaser is directed to pay the Cure Costs in accordance with the terms of the APA in the amounts set forth in Exhibit C to this Order.

7.    The Debtors and the Purchaser, and each of their respective officers, employees and agents, are hereby authorized to take such actions necessary and appropriate to implement the APA and to close the transactions contemplated thereby without the necessity of a further

order of this Court as provided by the APA, including, but not limited to, the assumption and assignment of the Assumed Executory Contracts and Unexpired Leases and the establishment of the Litigation Trust, all in accordance with the terms of the APA.

8.    All of the transactions contemplated by the APA, the closing of the Sale, assignment of the Assumed Executory Contracts and Unexpired Leases, the establishment of the Litigation Trust, and the vesting of the Trust Causes of Action in the Litigation Trust shall be protected by Section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal.

9.    The Purchaser shall not be liable for any claims or liabilities against the Debtors including, without limitation, any of the Excluded Liabilities, other than as expressly assumed by the Purchaser in the APA. Without limiting the generality of the other provisions of this Order, the Purchaser, under no circumstances, shall be deemed to be a successor of the Debtors. Accordingly, the Purchaser shall have no successor or vicarious or other liabilities of any kind with respect to the Debtors or the Purchased Assets, and all persons and entities shall be hereby enjoined from asserting any such claims against the Purchaser.

10.    The provisions of this Order and the APA and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered confirming or consummating any plan of reorganization or liquidation of the Debtors, or which may be entered converting the Debtors' cases from Chapter 11 to Chapter 7, and the terms and provisions of the APA as well as the rights and interests granted pursuant to this Order and the APA shall continue in this or any superseding case and shall be binding upon the Debtors, the Purchaser and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under Chapter 7 or 11 of the Bankruptcy Code. Any trustee

appointed in these cases shall be and hereby is authorized and directed to comply with the terms of this Order and the APA and the Purchaser and the trustee shall be and hereby are authorized to perform under the APA upon the appointment of a trustee without the need for further order of this Court.

11.    To the extent, if any, anything contained in this Order conflicts with a provision in the APA or the Litigation Trust Agreement, this Order shall govern and control.

12.    The APA or any document relating thereto may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors or their estates.

13.    The definition of "Intellectual Property" in the APA is hereby modified and replaced in its entirety with the following: "'Intellectual Property' means all intellectual property and intellectual property rights of Sellers, including, without limitation, the following:  (i) all patents and applications therefor, including continuations, divisionals, continuations-in-part, or reissues of patent applications and patents issuing thereon, (ii) all trademarks, service marks, trade names, service names, brand names, all trade dress rights, logos, Internet domain names and corporate names and general intangibles of a like nature, together with the goodwill associated with any of the foregoing, and all applications, registrations and renewals thereof, (iii) copyrights and registrations and applications therefor and works of authorship, and mask work rights, (iv) all Software, (v) internet addresses, uniform resource locators, web sites and web pages, (vi) confidential information, know-how, trade secrets and inventions and (vii) all other intellectual property."

12

14.    The definition of "Trust Causes of Action" in the APA is hereby modified and replaced in its entirety with the following: "'Trust Causes of Action' means all Causes of Action of the Debtors or their estates, but specifically excluding any Causes of Action of the Debtors relating to (i) warranty claims or breach of contract claims with respect to Inventory, Furniture and Equipment that constitute Purchased Assets, (ii) the collection of any Accounts Receivable or other similar rights of collection, including the Debtors' rights to collect Work in Process as set forth in the Purchase Agreement, (iii) Avoidance Actions, (iv) the GECAS Judgment, (v) Causes of Action specifically identified and allocated between Purchaser and the Debtors pursuant to the Purchase Agreement, (vi) claims of the Debtors against any current or former officer or director of the Debtors, and (vii) this Agreement."

15.    Section 2.1(b)(vi) of the APA is hereby modified and replaced in its entirety with the following: "all Documents in Sellers' possession and/or control, or in which Sellers hold or have any ownership or other interest (and all rights to obtain possession of or access to all such Documents), including further, without limitation, Documents generated and/or maintained by in-house and outside counsel, accountants and other professionals of Sellers within fifteen (15) years prior to the Closing Date, but excluding any Documents exclusively related to an Excluded Asset."

16.    There shall be no rent accelerations, assignment fees, increases, or any other fees charged to the Debtors or to the Purchaser or its affiliates or designees as a result of the assumption and assignment by the Debtors to the Purchaser of the Assumed Executory Contracts and Unexpired Leases, and the validity of such assumption or assignment shall not be affected by any dispute between the Debtors and any counterparty to any Assumed Executory Contract or Unexpired Lease, and the Assumed Executory Contracts and Unexpired Leases, upon

13

assignment to Purchaser, shall be deemed valid and binding and in full force and effect in accordance with their terms.

17.    The Debtors' decision to assume and assign to the Purchaser the Assumed Executory Contracts and Unexpired Leases is subject to the closing of the Sale (the "**Closing**"). Accordingly, absent such Closing, none of the Assumed Executory Contracts and Unexpired Leases shall be deemed assumed or assigned and shall in all respects remain subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Assumed Executory Contracts and Unexpired Leases shall not constitute or be deemed a determination or admission by the Debtors or the Purchaser that such document is, in fact, an executory contract within the meaning of the Bankruptcy Code.

18.    The Debtors and the Purchaser have cured, or will cure prior to the Closing, defaults relating to the Assumed Executory Contracts and Unexpired Leases by providing the cure set forth on Exhibit C of this Order, and have provided each non-debtor party to an Assumed Executory Contract or Unexpired Lease adequate assurance of future performance within the meaning of §§ 365(b)(1) and 365(f)(2)(B) of the Bankruptcy Code. With respect to BAA only, as additional agreed adequate protection, the parent of the Purchaser, Kaiser Group Holdings, Inc. ("**KGHI**"), shall issue a limited guarantee in favor of BAA guaranteeing the payment obligations of the Purchaser under the Facility Lease in an amount up to $100,000 all in accordance with and pursuant to the terms of a guarantee agreement (the "**KGHI Guarantee**") to be provided at Closing by KGHI to BAA, which KBHI Guarantee shall be reasonably acceptable to KGHI and BAA, and consistent with the terms stated on the records by their counsel at the hearing on the Sale Motion.

19.   The assumption and assignment of the Assumed Executory Contracts and Unexpired Leases, free and clear of all Liens and Claims of any kind or nature whatsoever, to the Purchaser is approved in all respects, subject to the clarifications contained in Paragraphs 20 through 25 below.

20.   Upon entry of this Order, and pursuant to §§ 105(a), 363 and 365 of the Bankruptcy Code, the Assumed Executory Contracts and Unexpired Leases are deemed assumed at Closing according to their terms. Notwithstanding any other provision in these Documents, no Government Contracts may be assumed and/or assigned without: (1) the express written consent of the United States; (2) the execution of a novation agreement applicable to that Government Contract; and (3) the payment of all outstanding post-Petition Date obligations and cure amounts arising under or related to such Government Contract. Nothing in the Documents shall be interpreted to set cure amounts or to require the United States to novate or otherwise consent to the transfer of any Government Contracts. The United States' rights to offset or recoup any amounts due under, or relating to, any Government Contracts are expressly preserved.

21.   Nothing in this Order or the APA releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that an entity would be subject to as the owner or operator of property after the date of entry of this Order. Nothing in this Order or the APA authorizes the transfer or assignment to Purchaser of any license, permit, registration, authorization, or a royal of or with respect to, a governmental unit without Purchaser's complying with all applicable legal requirements under nonbankruptcy law governing such transfers or assignments.

22.   Oracle America, Inc.'s ("**Oracle**") consent to the assumption and assignment of its Services Contract number 4433690 and the Oracle License and Services Agreement dated

February 27, 2006 between Oracle USA, Inc. and Pemco Aviation Group, Inc., together with any amendments thereto (the "**Oracle Agreements**"), is subject to: (i) Purchaser and Debtors' entry into, and execution of, an assignment agreement with Oracle, as negotiated and agreed to by Oracle, the Debtors and the Purchaser; and (ii) Oracle's receipt of a payment in the amount of $55,254.77, less any amounts paid by Debtors, including the $7,874.13 payment paid by Debtors to Oracle on August 31, 2011, contingent on that sum having been received by Oracle or its assignee, Banc of America Leasing, in good funds prior to Closing.  For avoidance of doubt, should Oracle demonstrate that the payments allegedly made by the Debtors to Oracle's assignee, Banc of America Leasing, in the amount of $16,020, for the invoice issued by Oracle in April 2011, and which payment cleared the Debtors' bank account on May 9, 2011, has not been received in good funds by Oracle or Banc of America Leasing, or their assignees, and that a payment in the amount of $16,020 for May 2011 was due and remains unpaid to Oracle and Banc of America Leasing, Oracle and the Debtors reserve all of their rights with respect to the same.

23.     Notwithstanding Section 2.4(v) of the Asset Purchase Agreement or anything else to the contrary, upon Closing, Purchaser shall be responsible for (a) all Liabilities and obligations under the Assumed Executory Contracts between the Debtors and Lockheed Integrated Systems, Inc. and its affiliates (collectively, "**Lockheed**") arising after the Closing; and (b) any and all warranty obligations imposed by Section 4.4.4 of the Performance-Based Work Statement, attached as Attachment 8 to P.O. number 7200005350 dated 6/29/2009, as amended by change orders, with all attachments, in support of contract FA8530-08-D-0008, Delivery Order 0004, entitled "Romanian Avionics Upgrade Modification" by and between Lockheed Martin

16

Integrated Systems, Inc. and the Debtors, except for any obligations arising from any breach of such warranties known to Lockheed as of the Closing.

24. This Order shall be binding on all creditors (whether known or unknown) of the Debtors and all affected third parties, all successors and assigns of the Purchaser, Debtors, their affiliates and any subsequent trustee(s) appointed in Debtors' Chapter 11 cases or upon a conversion to Chapter 7 under the Bankruptcy Code and shall not be subject to rejection or revocation.

25. Consistent with, but not in limitation of the foregoing, each and every federal, state, and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale; provided, however, that nothing in this Paragraph 25 shall derogate the requirements for assumption and assignment of Government Contracts set forth in Paragraph 20 of this Order.

26. Except as otherwise set forth in this Order, this Court shall retain exclusive jurisdiction with regard to all issues or disputes in connection with this Order and the relief provided for herein, and to resolve any disputes related to the APA or the implementation thereof.

27. As provided by Bankruptcy Rules 6004(h) and 6006(d), this Sale Approval Order will not be stayed for 14 days after the entry of the Sale Approval Order and will be effective immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Sale Approval Order.

Dated: September 6, 2011
      Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

17

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| ALABAMA AIRCRAFT INDUSTRIES, INC., *et al.*[1],) | | Case No. 11-10452 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Christopher D. Loizides, hereby certify that on September 19, 2011, I did cause to be

served true and correct copies of the foregoing **NOTICE OF APPEAL** on the parties listed on

the attached service list as indicated thereon.

DATED:  September 19, 2011

                              */s/ Christopher D. Loizides*

                              Christopher D. Loizides (No. 3968)
                              LOIZIDES, P.A.
                              1225 King Street, Suite 800
                              Wilmington, DE  19801
                              Telephone:    (302) 654-0248
                              Facsimile:    (302) 654-0728
                              E-mail:        loizides@loizides.com

---

[1] The debtors in these jointly-administered cases are:   Alabama Aircraft Industries, Inc.; Alabama Aircraft Industries, Inc. – Birmingham; and Pemco Aircraft Engineering Services, Inc.

**SERVICE LIST**

**FIRST CLASS MAIL**

---

**Alabama Aircraft Industries, Inc., et al.**

| | |
|---|---|
| Alston & Bird LLP | Young Conaway Stargatt & Taylor, LLP |
| Grant T. Stein | Joel A. Waite |
| Dennis J. Connolly | Kenneth J. Enos |
| William S. Sugden | The Brandywine Building |
| Sage M. Sigler | 1000 West Street, 17th Floor |
| 1201 West Peachtree Street | P.O. Box 391 |
| Atlanta, Georgia  30309-3424 | Wilmington, Delaware  19801-0391 |
| Telephone:  (404) 881-7000 | Telephone:  (302) 571-6600 |

**Kaiser Aircraft Industries, Inc.**

| | |
|---|---|
| Klee, Tuchin, Bogdanoff & Stern LLP | Pachulski, Stang, Ziehl & Jones LLP |
| Thomas E. Patterson | Bruce Grohsgal |
| Martin R. Barash | 919 North Market Street, 17th Floor |
| 1999 Ave. of the Stars, 39th Floor | Wilmington, Delaware  19801 |
| Los Angeles, California  90067 | Telephone:  (302) 778-6403 |
| Telephone:  (310) 407-4000 | |

**Roberta A. DeAngelis, United States Trustee**

United States Department of Justice
Office of the United States Trustee
Richard L. Schepacarter
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Room 2207
Wilmington, Delaware  19801
Telephone:  (302) 573-6491

3711804.1

**Official Committee of Unsecured Creditors**

| | |
|---|---|
| Brinkman Portillo Ronk, PC | Womble Carlyle Sandridge & Rice, PLLC |
| Daren R. Brinkman | Steven K. Kortanek |
| Laura J. Portillo | Thomas M. Horan |
| Kevin C. Ronk | 222 Delaware Avenue, Suite 1501 |
| 4333 Park Terrace Drive, Suite 205 | Wilmington, Delaware  19801 |
| Westlake Village, California  91361 | Telephone:  (302) 252-4320 |
| Telephone:  (818) 597-2992 | |

**Birmingham Airport Authority**

| | |
|---|---|
| Burr & Forman LLP | Morris, Nichols, Arsht & Tunnell LLP |
| Derek F. Meek | Eric D. Schwartz |
| Michael K. Choy | Matthew B. Harvey |
| Marc P. Solomon | 1201 North Market Street |
| 420 North 20th Street, Suite 3400 | Wilmington, Delaware  19899 |
| Birmingham, Alabama  35203 | Telephone:  (302) 658-9200 |
| Telephone:  (205) 251-3000 | |

**Pension Benefit Guaranty Corporation**

Pension Benefit Guaranty Corporation
Office of the Chief Counsel
Israel Goldowitz
Karen L. Morris
James L. Eggeman
Erika E. Barnes
Mark R. Snyder
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3460

**Oracle America, Inc.**

| | |
|---|---|
| Magnozzi & Kye, LLP | Shawn M. Christianson, Esq. |
| Amish R. Doshi | Buchalter Nemer, A Professional Corporation |
| 1 Expressway Plaza | 333 Market Street |
| Suite 114 | 25th Floor |
| Roslyn Heights, New York  11577 | San Francisco, California 94105-2126 |
| Telephone: (516) 629-5460 | Telephone: (415) 227-0900 |

3711804.1

**Lockheed Martin Integrated Systems, Inc.**

Saul Ewing LLP
Mark Minuti
222 Delaware Avenue
Suite 1200
P.O. Box 1266
Wilmington, Delaware  19899
Telephone: (302) 421-6800

**Lockheed Martin Global Training and Logistics**

Steven J. Soloman
Gray Robinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida  33131
Telephone: (305) 416-6880

**L-3 Communications Integrated Systems, L.P.**

Greenberg Traurig, LLP
Dennis A. Meloro
Scott D. Cousins
1007 North Orange Street
Suite 1200
Wilmington, Delaware  19801
Telephone: (302) 661-7000

**Special Value Bond Fund, LLC**

Richards, Layton & Finger, P.A.
Russell C. Silberglied
John H. Knight
L. Katherine Good
920 North King Street
Wilmington, Delaware  19801
Telephone: (302) 651-7700

4

**International Union, United Automobile, Aerospace and Agricultural Implement Workers of America**

Cooch and Taylor PA
Susan Kaufman
The Brandywine Building
1000 West Street
10th Floor
Wilmington, Delaware  19801
Telephone: (302) 984-3820

Cohen, Weiss and Simon, LLP
Bruce S. Levine
330 West 42nd Street
25th Floor
New York, New York  10036
Telephone: (212) 356-0230

Niraj R. Ganatra
International Union UAW
8000 E. Jefferson Avenue
Detroit, Michigan  48214
Telephone: (313) 926-5216

**Blue Cross and Blue Shield of Alabama**

Monzack Mersky McLaughlin and Browder, P.A.
Michael Hochman
Rachel B. Mersky
1201 N. Orange Street
Suite 400
Wilmington, Delaware  19801
Telephone: (302) 656-8162

Burr & Forman, LLP
Joe A. Joseph
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000

**United States Department of Justice**

Victor Zhao
Civil Division
U.S. Department of Justice
via regular mail
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875

via overnight delivery
1100 L Street, N.W.
Room 10044
Washington, D.C. 20005
Telephone: (202) 307-0958

3711804.1