IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Civil Action No. 1:11-cv-01003 (JEI)

Bankruptcy Court Case No. 11-10452-PJW (Jointly Administered)

In re ALABAMA AIRCRAFT INDUSTRIES, INC., *et al.*, *Debtors*

THE BOEING COMPANY, *Appellant,*

v.

ALABAMA AIRCRAFT INDUSTRIES, INC. and
KAISER AIRCRAFT INDUSTRIES, INC., *Appellees.*

**THE BOEING COMPANY'S SURREPLY IN OPPOSITION TO
KAISER AIRCRAFT INDUSTRIES, INC.'S
<u>MOTION TO DISMISS APPEAL AS MOOT [11 U.S.C. § 363(m)]</u>**

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:     (302) 654-0248
Email:         loizides@loizides.com

Robert M.D. Mercer
(*Pro Hac Vice Application Pending*)
Eric P. Schroeder
(*Pro Hac Vice Application Pending*)
Bryan Cave LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Telephone:     (404) 572-6600

Attorneys for the Boeing Company

In an attempt to explain how a transaction can simultaneously be both a "sale" and not a "sale," Kaiser Aircraft Industries, Inc. ("Kaiser") proposes for the first time[1] on page 7 of its reply brief that it acquired its interest in the Litigation Trust[2] by way of a two-step process. According to Kaiser, paragraph 4 of the Order transferred the Trust Causes of Action into the Litigation Trust.[3] Then, according to Kaiser, it purchased the 90 percent beneficial interest in the Litigation Trust from the Debtors by virtue of paragraph 2 of the Order.[4] By raising this new argument, Kaiser can now assert that the first step was not a "sale" (to evade *Integrated Solutions, Inc. v. Service Support Specialties, Inc.*, 124 F.3d 487 (3d Cir. 1997)) but the second step was a "sale" (to get the protection of section 363(m) of the Bankruptcy Code). The "process" is a semantic artifice, a sleight-of-hand that violates the letter and the spirit of *Integrated Solutions*, so Kaiser can get statutory mootness to apply.

The artifice fails on closer inspection. The problem is that Kaiser *misreads* the Order and completely *ignores* the Litigation Trust Agreement. Contrary to Kaiser's construction, paragraph 4 of the Order does not vest the Trust Causes of Action into the Litigation Trust Agreement. Paragraph 4 is merely a declaratory judgment concerning assignment of the Trust Causes of Action into the Litigation Trust.[5] Instead, paragraph 2 of the Order provides that the Debtors were *authorized* to enter into the Asset Purchase Agreement, "establish" the Litigation

---

[1] *Compare* Transcript, at 102:7-13 & Kaiser Brief, at 7-8 & 17 *with Reply of Kaiser Aircraft Industries, Inc. to Opposition of the Boeing Company to Motion to Dismiss Appeal as Moot* ("Kaiser Reply"), at p 7.

[2] This surreply uses the same naming conventions as are used in the *Brief in Opposition to Kaiser Aircraft Industries, Inc.'s Motion to Dismiss Appeal as Moot* [11 U.S.C. § 363(m)] [District D.I. 13] ("Boeing Brief").

[3] *See* Kaiser Reply, at 7.

[4] *See id.*

[5] Kaiser does not dispute that paragraph 4 of the Order does not apply to Boeing and its affiliates. *Compare* Boeing Brief, p. 11-12 *with* Kaiser Reply 1-11 (never responding to argument about paragraph 5 of the Order).

Trust, and "vest" the Trust Causes of Action. It was not until the Debtors, Kaiser, and the litigation trustee executed the Litigation Trust Agreement that the Debtors transferred the Trust Causes of Action into the Litigation Trust.[6] Simultaneously, by virtue of the Litigation Trust Agreement, Kaiser and the Debtors were also *directly* granted their beneficial interest in the Litigation Trust.[7]

In short, there was no two-step process here, as *Kaiser did not obtain its beneficial interest from the Debtors.* Indeed, the Debtors could not have sold their beneficial interest in the Litigation Trust to Kaiser because the Litigation Trust specifically *prohibits* such a sale.[8] Instead, it is clear that there was a one-step process here: at the same time the Causes of Action were vested in the Litigation Trust, Kaiser was granted its beneficial interest. As such, given that Kaiser has repeatedly insisted that the transfer of the Trust Causes of Action into the Litigation Trust was not a "sale," it cannot now claim that another part of the same transaction—Kaiser being granted its beneficial interest in the Litigation Trust—is a "sale."

Kaiser's argument on page 7 of its reply brief that the Asset Purchase Agreement identifies the beneficial interests in the Litigation Trust as an asset purchased by Kaiser misses the point. The terms of the Litigation Trust Agreement regarding the identity of the beneficiaries control over contrary terms contained in the Asset Purchase Agreement.[9] And, pursuant to the

---

[6] *See* Litigation Trust Agreement (attached as Exhibit "B" to the Order) §§ 2.1 ("The Debtors shall (and hereby do) vest in the Litigation Trust . . . the Trust Assets for the benefit of the Beneficiaries") & 1.1 ("'Trust Asset' means Trust Causes of Action and all proceeds thereof.")

[7] *See* Litigation Trust Agreement §§ 2.1 (providing that liens would attach to the "Beneficial Interests *granted* the Debtors' estate (but not the Beneficial Interests *granted* to the Purchaser")) (emphasis added); 1.1 (definitions of "Series A Interests," "Series B Interests," & "Distribution Allocation"), 5.2(d), & Ex. A to Litigation Trust Agreement.

[8] The Litigation Trust Agreement provides that the beneficial interests in the Litigation Trust are non-negotiable except (i) if a beneficiary dies or (ii) by operation of law. *See* Litigation Trust Agreement § 8.2.

[9] *See* Litigation Trust Agreement § 11.7.

Litigation Trust Agreement, the identity of the beneficiaries at the outset could not be more clear: Kaiser owned a 90 percent beneficial interest and the Debtors owned a 10 percent beneficial interest. Therefore, it is abundantly clear that, if Kaiser owned its beneficial interest from the outset, the Debtors could not have "sold" such interest to Kaiser.

In sum, Kaiser's two-step process is a sham, and the protections of section 363(m) of the Bankruptcy Code do not apply here.

DATED: December 5, 2011.

*/s/ Christopher D. Loizides*
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:     (302) 654-0248
Email:     loizides@loizides.com

Robert M.D. Mercer
(*Pro Hac Vice Application Pending*)
Eric P. Schroeder
(*Pro Hac Vice Application Pending*)
Bryan Cave LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Telephone:     (404) 572-6600

Attorneys for the Boeing Company