**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: Alabama Aircraft Industries, *et al.* | |
| The Boeing Company, | Civil Action No. 11-1003 |
| Appellant, | |
| v. | Bankruptcy Case No. 11-10452<br>Bankruptcy Appeal No. 11-71 |
| Alabama Aircraft Industries Inc. and<br>Kaiser Aircraft Industries Inc., | |
| Appellees. | |

**THE BOEING COMPANY'S MOTION TO ESTABLISH
A BRIEFING SCHEDULE ON THE MERITS OF THE APPEAL**

COMES NOW Appellant The Boeing Company ("Boeing") and hereby requests that this Court establish a briefing schedule for the parties' briefs regarding the merits of Boeing's appeal of the *Order Granting Debtors' Motion Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rules 2002-1 and 6004-1, Requesting Entry of an Order Approving the Sale of Substantially All of the Debtors' Operating Assets, Including the Assumption and Assignment of Contracts, Free and Clear of All Liens, Claims, and Interests to Kaiser Aircraft Industries, Inc. and Authorizing the Debtors to Establish a Litigation Trust and Vest Certain Claims Therein* [D.I. 486] (the "Order")[1] of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") dated September 6, 2011, showing the Court as follows:

1. On September 6, 2011, the Bankruptcy Court entered the Order.

---

[1] This Motion uses the same naming conventions used in *The Boeing Company's Brief in Opposition to Kaiser Aircraft Industries, Inc.'s Motion to Dismiss Appeal as Moot* [11 U.S.C. § 363(m)] [District D.I. 13].

1

2. On September 21, 2011, Boeing filed its *Notice of Appeal* of the Order [D.I. 511]. On October 3, 2011, Boeing filed its *Statement of Issues to be Presented & Designation of Items to be Included in the Record* [D.I. 534]. On October 17, 2011, Kaiser Aircraft Industries, Inc. ("Kaiser") subsequently filed its cross-designation of items to be included in the record on appeal [D.I. 556].

3. On October 20, 2011, the appeal was docketed, but was referred to the Appellate Mediation Panel with briefing deferred [D.I. 563, District D.I. 4]. David B. Stratton was assigned as mediator on October 21, 2011.

4. On October 27, 2011, Kaiser filed its *Motion to Dismiss Appeal as Moot [11 U.S.C. § 363(m)]* [District D.I. 7-8]. That motion has been fully briefed by the parties and is pending before the Court. The Court has indicated that it intends to hear oral argument on the motion to dismiss Boeing's appeal [District D.I. 21].

5. On December 16, 2011, Mr. Stratton filed a Mediator's Statement in which he stated that he has "concluded that this appeal cannot be resolved through mediation and [has] advised the parties that the mediation is terminated" [District D.I. 23].

6. Pursuant to the Standing Order of the Court dated July 23, 2004, "[i]f a case is not resolved through mediation, it will proceed through the appellate process as if mediation had not been considered or initiated." Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), Boeing's brief on the merits of its appeal may be due on December 30, 2011.

7. This appeal involves complicated facts and procedural history, as the Court noted in its Order of December 14, 2011 [District D.I. 21], and Boeing submits that it also involves complex and novel legal issues that would benefit from full briefing. Coupled with the end of year holiday season and the holiday schedules of counsel, Boeing respectfully submits that its

requested briefing schedule would better allow the parties to fully brief the merits of this appeal for the Court's consideration while also keeping the case moving forward to resolution.

8. Despite good faith discussions of the parties, undersigned counsel avers that Boeing and Kaiser have been unable to reach an agreement regarding a specific briefing schedule. *See* D. Del. LR 7.1.1.

[remainder of the page intentionally left blank]

WHEREFORE, Boeing proposes the following briefing schedule for the merits of its appeal:

a) Boeing shall serve and file a brief on the merits of its appeal on or before <u>January 20, 2012</u>;

b) Kaiser shall serve and file a response brief, if any, on the merits of Boeing's appeal on or before <u>February 24, 2012</u>; and

c) Boeing shall serve and file a reply brief, if any, in support of its brief on the merits of its appeal on or before <u>March 30, 2012</u>.

A proposed order granting this motion and establishing a briefing schedule is attached.

DATED:  December 21, 2011.

> */s/ Christopher D. Loizides*
> Christopher D. Loizides (No. 3968)
> LOIZIDES, P.A.
> 1225 King Street, Suite 800
> Wilmington, DE 19801
> Telephone:    (302) 654-0248
> Email:           loizides@loizides.com
>
> Robert M.D. Mercer
> (*Admitted Pro Hac Vice*)
> Eric P. Schroeder
> (*Admitted Pro Hac Vice*)
> Bryan Cave LLP
> One Atlantic Center, 14th Floor
> 1201 West Peachtree Street, NW
> Atlanta, GA 30309-3488
> Telephone:    (404) 572-6600
>
> Attorneys for the Boeing Company

6183240.2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: Alabama Aircraft Industries, *et al.* <br><br> The Boeing Company, <br><br>        Appellant, <br><br>        v. <br><br> Alabama Aircraft Industries Inc. and Kaiser Aircraft Industries Inc., <br><br>        Appellees. | Civil Action No. 11-1003 <br><br> Bankruptcy Case No. 11-10452 <br> Bankruptcy Appeal No. 11-71 |

**[PROPOSED] ORDER GRANTING THE BOEING COMPANY'S
MOTION TO ESTABLISH A BRIEFING SCHEDULE
ON THE MERITS OF THE APPEAL**

**IRENAS**, Senior District Judge:

THIS CAUSE having come before the Court on *The Boeing Company's Motion to Establish a Briefing Schedule on the Merits of the Appeal* (the "Motion") and the Court having reviewed and considered the pleadings and the entire record in the case; and for good cause shown, it is accordingly,

**IT IS** on this _____ day of _____, 201__

**ORDERED THAT**:

    1.    The Motion is GRANTED; and

    2.    The following briefing schedule is established for the service and filing of the parties' briefs on the merits of The Boeing Company's ("Boeing") appeal:

    a)    Boeing shall serve and file a brief on the merits of its appeal on or before January 20, 2012;

      b)      Kaiser Aircraft Industries, Inc. shall serve and file a response brief, if any, on the merits of Boeing's appeal on or before <u>February 24, 2012</u>; and

      c)      Boeing shall serve and file a reply brief, if any, in support of its brief on the merits of its appeal on or before <u>March 30, 2012</u>.

 

                                                                                 JOSEPH E. IRENAS
                                                                                 Senior United States District Judge